**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN L. MCCARTY,**

**Plaintiff,**

-vs-                                                    **Case No.  6:06-cv-1444-Orl-19JGG**

**ROBERT GRGURIC,**

**Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1.      Motion To Dismiss With Prejudice And Incorporated Memorandum Of Law (Doc. No. 19, filed January 29, 2007);

2.      Order To Show Cause (Doc. No. 23, filed February 6, 2007);

3.      Plaintiff's Motions For Court To Sua Sponte Or By Telephonic Hearing Adjudicate Certain Issues (Doc. No. 26, filed February 20, 2007);[1] and

4.      Plaintiff's Response To Order To Show Cause (Doc. No. 27, filed February 27, 2007).

The instant Order disposes of several pending matters in this lawsuit. First, after briefly sketching the background of the case, the Court considers Plaintiff's Motion For Leave To Serve his

---

[1]   In his submission at docket number 26, Plaintiff both responds to Defendant's Motion To Dismiss and applies for relief from the Court. As a practical matter, motions or other applications for relief should not be combined with a party's opposition to another litigant's motion. *See* FED. R. CIV. P. 7(b). This practice ensures that opposing litigants have notice of a party's request for relief and have a reasonable opportunity to oppose the request. In this instance, the Court will consider Plaintiff's requests, but Plaintiff is forewarned that future requests for relief must be submitted separately and must satisfy the requirements of the Federal Rules of Civil Procedure and the Local Rules of Court.

Amended Complaint. Next, the Court considers Defendant's Motion To Dismiss. Lastly, this Order addresses Plaintiff's continuing failure to comply with the Orders of the Court.

## I.  Background of the Case

Plaintiff John McCarty filed this lawsuit, which originally sought monetary damages and injunctive relief against a number of actors involved with Plaintiff's divorce proceeding, in the U.S. District Court for the Eastern District of California. (Doc. No. 2). The lawsuit was transferred to the Middle District of Florida, and this Court subsequently dismissed the Complaint for want of subject-matter jurisdiction. (Doc. Nos. 1, 12). Plaintiff then filed an Amended Complaint and thereafter filed a Second Amended Complaint, which was duly served on Defendant Robert Grguric on January 18, 2007. (Doc. Nos. 14, 16).

Plaintiff's Second Amended Complaint encompasses twenty-five pages of allegations and ends in two sets of rhetorical questions, one under the heading "Federal questions" and the other under the heading "Tort Action For Damages". (*See* Doc. No. 16). Briefly, Plaintiff appears to be complaining that Defendant, who represented his former wife in state court during Plaintiff's divorce proceedings, tortiously used the state court proceeding against Plaintiff and, in the process, violated Plaintiff's rights under the Due Process Clause. (*Id.*).

Defendant moved to dismiss the Second Amended Complaint and, in doing so, brought Plaintiff's history of litigation to the Court's attention. (Doc. No. 19). Plaintiff had previously certified to the Court that the instant case was "not related to any other pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency." (Doc. No. 7). Plaintiff had, according to Defendant, filed at least two prior actions against Mr. Grguric that dealt with the same factual circumstances as the instant case. (*Id.*). One of these actions,

-2-

case number 6:00-cv-972-18A, was filed in the U.S. District Court of the Middle District of Florida, and the other, case number 1:06-cv-526-OWW-LJO, was filed in the U.S. District Court for the Eastern District of California.

## II.  Motion For Leave And Motion For A Hearing

First, Plaintiff would like the U.S. Marshal to serve his Third Amended Complaint, which he filed with the Court without first seeking leave to amend the Complaint. This request is unnecessary as Defendant's counsel receives all papers filed with the Court via an electronic mailing from the Court's case management/electronic filing system. Plaintiff's request, therefore is moot.

Furthermore, Federal Rule of Civil Procedure 15(a) requires a party in the circumstances of this case to either obtain the written consent of the opposing party or leave of court before amending a pleading. *See* FED. R. CIV. P. 15(a). Plaintiff has failed to obtain leave of court for his Third Amended Complaint, and he presents no written consent from the opposing party. Thus, the Amended Complaint at docket number 25 is unauthorized and must be stricken from the record.

Lastly, the Court denies Plaintiff's request for a hearing because such hearing is unnecessary for the resolution of the pending motions.

## III.  Motion To Dismiss

### A.    Applicable Standards

When analyzing a motion to dismiss, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. FED. R. CIV. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). It must also view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson*, 21 F.3d at 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974). The Court may dismiss a claim based upon an affirmative defense only where the defense is apparent from the face of the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

**B.    Analysis Of The Motion**

Defendant raises seven separate arguments as to why Plaintiff's Amended Complaint fail to state a claim. While the Court dismisses Plaintiff's Amended Complaint because it is a shotgun pleading having no clear statement of Plaintiff's claims, the Court addresses each of Defendant's additional arguments so that Plaintiff, if he decides to re-plead this action, may steer clear of the many shoals surrounding such election.

**1.    The Pleading Standard Of The Federal Rules Of Procedure**

Defendant contends that the Amended Complaint is so confusing and unintelligible that he could not be expected to fairly respond to its allegations. (Doc. No. 19, pp. 6-7). The Court agrees. The Amended Complaint is a classic shotgun pleading, and it fails to comply with the requirements of Rule 8(a) and 10(c) of the Federal Rules of Civil Procedure.

The Court of Appeals for the Eleventh Circuit discourages parties from drafting what are known as "shortgun" pleadings. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings contain several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts, i.e., all but the first, contain irrelevant factual allegations and legal conclusions. *Id.*

In the instant case, the Amended Complaint is twenty-five pages in length and contains eighty-two paragraphs, many of which present irrelevant legal arguments. Plaintiff's first Count is contained in a single paragraph, number 81, which purports to present six separate "federal

-4-

questions" for this Court's consideration. It incorporates by reference each and every paragraph preceding it in the Complaint. Paragraph 82, which purports to present a "tort action for damages," also incorporates each and every paragraph that precedes it regardless of the relevancy of the referenced allegation. These are the classic hallmarks of a shotgun pleading, and they prevent Defendant from obtaining clear notice of Plaintiff's claims.

Secondly, under Rule 8(a), this pleading should contain nothing more than a "short and plain statement of the grounds upon which the court's jurisdiction depends," "a short and plain statement of the claim showing that the pleader is entitled to relief, and " a demand for judgment" for such relief. FED. R. CIV. P. 8(a). Although a plaintiff is not required to use a technical form of pleading, a complaint should be simple, concise, and direct. *Id.* at 8(e)(1). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). This pleading standard, which is known as simplified notice pleading, relies upon liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of un-meritorious claims. *See id.* at 47-48.

The unnecessary prolixity of the pending Amended Complaint is self-evident. As noted by the Court of Appeals for the Second Circuit, such a pleading "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). That is the case here, where neither the legal basis nor the factual circumstances of Plaintiff's claims are clearly defined.

Lastly, the second sentence of Rule 10(b) requires that each claim founded upon a separate transaction or occurrence be stated in a separate count. When drawn this way, a complaint permits the defendant to ascertain what the plaintiff is claiming and to frame a responsive pleading. *See, e.g.*,

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The claims of the Amended Complaint are collected within two counts, and Plaintiff attempts to assert five separate claims in Count I. The Count sets forth no factual basis for these claims, and it is unclear which of the proceeding allegations relate to each claim.

For these reasons, the Court dismisses the Amended Complaint and gives Plaintiff leave to re-plead his claims in the manner described by the Federal Rules of Civil Procedure.

### 2.        Subject Matter Jurisdiction

Defendant also asserts that Plaintiff has not asserted a claim over which this Court may exercise its subject matter jurisdiction. (Doc. No. 19, pp. 7-8). The jurisdictional theory advanced by Defendant is the Rooker-Feldman doctrine.

Under that legal doctrine, "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)). That is, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F .3d 624, 626 (11th Cir. 1997). The Court of Appeals for the Eleventh Circuit explains the doctrine as follows.

> Under the Rooker-Feldman doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. Federal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment. A district court engages in impermissible appellate review when it entertains a claim that the litigants did not argue in the state court, but is inextricably intertwined with the state court judgment.

*Id.* (internal citations omitted). The doctrine is applied where: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either

adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003) (citations omitted). A federal claim is "inextricably intertwined" with a state court judgment if "the federal claims succeed only to the extent that the state court wrongly decided the issues before it, and, if so, whether the plaintiffs had a reasonable opportunity to present their federal claims in the state court proceedings." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citations and internal quotations omitted).

In spite of the failings of the Amended Complaint, it is clear that the Rooker-Feldman doctrine bars many, if not all, of Plaintiff's claims. The claims of the Amended Complaint orbit around the actions of Defendant in a state court divorce proceeding to which Plaintiff was a party. Plaintiff appears to be raising issues which were adjudicated in that proceeding, such as the income deduction order entered against him by the state court. Plaintiff even appears to be mounting a challenge to the state court's decision in this Court. (*See also* Doc. No. 12). All such claims are barred, and this Court cannot entertain them.

### 3.    Failure To State A Claim Under Section 1983

Defendant also contends that Plaintiff has failed to state a claim under Title 42 U.S.C. § 1983. (Doc. No. 19, pp. 8-9).

Section 1983 "provides for private relief in civil actions from the deprivation of rights secured by the Constitution and its laws." *O'Berry v. State Attorneys Office*, 2007 W.L. 2088853, *2 (11th Cir. 2007). In the instant case, it appears that Plaintiff is alleging, *inter alia*, that Defendant has violated his procedural due process rights. (Doc. No. 16, p. 23). "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified

deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

In this case, Defendant is a private attorney. (Doc. No. 16, p. 1). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for a private party to be considered a state actor, one of three conditions must be met: (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution; (2) the private party performed a public function that was traditionally the exclusive prerogative of the state; or (3) the state had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). An analysis under each test reveals no state action under the allegations of the Amended Complaint. It appears that Plaintiff is basing his claims solely upon Defendant's actions before the state tribunal. Such actions do not make him a state actor for the purposes of Section 1983, and the mere "[u]se of the courts by private parties does not constitute an act under color of state law." *Harvey*, 949 F.2d at 1133.

This claim, therefore, must fail.

### 4.    Failure To State A Claim For Legal Malpractice

Plaintiff may be asserting against Defendant a claim for legal malpractice, and Defendant argues that there is no basis for such a claim. (Doc. No. 19, p. 9).

In Florida, there are three elements to a legal malpractice claim. *See Gresham v. Strickland*, 784 So. 2d 578, 580 (Fla. Dist. Ct. App. 2001). First, the attorney must be employed by or in privity

with the plaintiff(s). *Id.* Secondly, the attorney must have neglected a reasonable duty to the client(s). *Id.* Lastly, the attorney's negligence must have proximately caused any loss to the plaintiff(s). *Id.*

In the instant case, Plaintiff does not allege that he employed Defendant nor does he allege that he was in privity with Defendant. Indeed, given the allegations that Defendant was a private attorney representing Plaintiff's wife in a state divorce proceeding, the Court is hard pressed to imagine circumstances in which this element would be satisfied.

Thus, the Amended Complaint does not state a claim for legal malpractice.

### 5.        Affirmative Defense – Statutes Of Limitations

Defendant contends that all of Plaintiff's claims are barred by the applicable statute of limitations. (Doc. No. 19, pp. 10-11).

In Florida, the statute of limitations for claims of malicious prosecution and abuse of process is four years. FLA. STAT. § 95.11(3)(o), (p); *Olson v. Johnson*, 2007 W.L. 1855687 (Fla. Dist. Ct. App. 2007). For a claim of legal malpractice, the statute of limitations is two years. FLA. STAT. § 95.11(4)(a). For each claim, "A cause of action accrues when the last element constituting the cause of action occurs." *Id.* § 95.031(1). Plaintiff's Section 1983 claims are also subject to a four year statute of limitations. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citation omitted). "Federal law determines when a federal civil rights claim accrues." *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (citation omitted). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 561-62 (internal citations and quotations omitted). "Plaintiffs must know or have reason to know that

they were injured, and must be aware or should be aware of who inflicted the injury." *Id.* at 562 (citation omitted).

In the instant case, the allegations of the Amended Complaint do not clearly indicate when the state court proceeding occurred. Nor does the Amended Complaint clearly allege what facts support each claim that Plaintiff is attempting to assert. Consequently, this Court cannot determine if Plaintiff's claims are time barred. Nevertheless, Plaintiff should take heed and should not re-plead any cause of action that is barred by the applicable statute of limitations.[2]

### 7.     Prohibition Against The Re-litigation Of Claims

Defendants also argues that Plaintiff's claims are barred by the doctrine of *res judicata*. (Doc. No. 19, pp. 11-12).

The doctrine of *res judicata* bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties are the same in both suits; and (4) the prior and present causes of action are the same. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal citations and quotations omitted). The bar "pertains not only to claims that were raised in the prior action . . . but also to claims that could have been raised previously." *Id.* (citation omitted). In determining if "prior and present causes of action are the same, we must decide whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." *Id.* (internal citations and quotations omitted).

---

2  It is a violation of Federal Rule of Civil Procedure 11 to assert a claim that Plaintiff knows is barred by the applicable statute of limitations.

In this case, it is sufficient to warn Plaintiff that he cannot re-litigate claims that have been or could have been brought in an earlier lawsuit between the parties. Although the Court is aware Plaintiff has previously brought similar claims against Defendant, it refrains from determining if his present claims are barred because there is no evidence of the previous lawsuit of record. Should Plaintiff re-assert previously litigated claims, Defendant should present the Court with the appropriate evidentiary support and move for summary judgment.

## IV.  Sanctions For Plaintiff's Failure To Comply

Lastly, this Court is now aware that Plaintiff has filed multiple lawsuits in the past which are related with the subject matter of this action. Although he was directed to do so, Plaintiff failed to bring these lawsuits to the Court's attention. (Doc. Nos. 3, 7). Defendant did, however, and the Court ordered Plaintiff to show cause why such actions were not previously disclosed. (Doc. Nos. 19, 23). In response to the Court's Show Cause Order, Plaintiff stated that the Court did not identify any cases. (Doc. No. 28, ¶ 1). Moreover, after identifying each of the cases that had been previously brought to the Court's attention, Plaintiff also argued that they were not related to the instant case and/or were not pending. (*Id.*, ¶¶ 2-5).

Simply put, Plaintiff's response to this Court's Show Cause Order is both evasive and attempts to avoid responsibility to failure to comply with an Order of Court. It ignores the plain language of the Court's instruction, i.e., to apprise the Court of any "related [] pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency." Not only did Plaintiff fail to timely disclose the related federal cases, but it is clear that he was aware of the disclosure requirement through his previous experiences as a *pro*

*se* litigant before the Court.[3] Under these circumstances, it is apparent that Plaintiff intentionally and purposefully failed to disclose the existence of at least two prior federal lawsuits related to the instant case.

The Court has the authority to impose  sanctions against Plaintiff for such misconduct.  The Court has the power to dismiss this action for Plaintiff's willful disobedience of its Orders, and the Court must consider whether lessor sanctions would suffice. *Gratton v. Great American Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Moreover, if the Court decides that monetary sanctions are appropriate, it must also consider Plaintiff's ability to pay any sanctions that may be awarded. *Byrne v. Nezhat*, 261 F.3d 1075, 1099 n.53 (11th Cir. 2001) (citing *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998)). The Court may also consider revoking Plaintiff status as an *in forma pauperis* litigant. Camp v. Oliver, 798 F.2d 434 (11th Cir. 1986) (concluding district courts should consider lessor sanctions such as revoking *in forma pauperis* status and accepting the partial payment of filing fees). Plaintiff may  be required to pay to the Clerk of Court the filing fee for this civil lawsuit, which is $350 as a sanction.

While the Court declines to impose sanctions at this time, Plaintiff is admonished that the Court expects complete candor from litigants before it, including *pro se* litigants, and will not tolerate any evasiveness or dishonesty.  Plaintiff must adhere to the Rules of Court and fully and faithfully follow the directions contained in Orders issued in this case. Plaintiff is put on notice that the Court is prepared to impose sanctions upon him for failure to comply with its Orders, and the Court will not tolerate another instance evasiveness in the future.

---

[3]   One of the two prior federal lawsuits was filed in the Middle District of Florida, and Plaintiff in that case was also required in that case to inform the Court of related cases. (*See* Case Number 6:00-cv-972-Orl-18A, docket numbers 7, 20).

### V.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's Motion To Dismiss (Doc. No. 19) and **DENIES** Plaintiff Motion For Leave To Serve his Fourth Amended Complaint (Doc. No. 26). Plaintiff may file with the Court, within twenty (20) days from the date of  this Order, an Amended Complaint that complies with this Order of the Court. Failure to file an Amended Complaint or to otherwise comply with this Order will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 14, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

-13-