UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN L. MCCARTY,
ANA MCCARTY,
ALEJANDRO AGRAZ,

                    Plaintiffs,

-vs-                                                      Case No.  6:06-cv-1444-Orl-19JGG

ROBERT GRGURIC,

                    Defendant.

_____

# ORDER

This case comes before the Court on the following:

1.      Defendant Robert Grguric's Motion To Dismiss Plaintiff's Fifth Amended Verified

        Complaint With Prejudice And Incorporated Memorandum Of Law (Doc. No. 33,

        filed Sept. 12, 2007); and

2.      Plaintiff John L. McCarty, et al.'s Response To Defendant's Motion To Dismiss

        Plaintiff's Fifth Amended Complaint "Demand For Declaratory Relief For Violation

        Of Constitutional Rights" And Incorporated Memorandum Of Law (Doc. No. 35,

        filed Sept. 24, 2007).

## Background

Plaintiffs file their most recent Complaint against Defendant Robert Grguric as the "5th

Amended Verified COMPLAINT Demand for Declaratory Relief for Violation of Constitutional

Rights." (Doc. No. 32, filed Sept. 4, 2007).[1]  This Complaint states one "cause of action" which is

---

[1]      This is in fact Plaintiffs' Fourth Amended Complaint.  (*See* Doc. Nos. 2, 14, 16, 25,
(continued...)

described as a "Fourteenth Amendment Due Process Violation." (*Id.* at p. 6.)  Additionally, under "Allegations," Plaintiffs claim a "Violation of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1673 et al." and "extrinsic fraud." (*Id.* at p. 5, ¶ 14.)

Defendant moves to dismiss Plaintiffs' Fifth Amended Complaint. (Doc. No. 33, filed Sept. 12, 2007.)  To support his Motion, Defendant argues that Plaintiffs: (1) failed to properly plead a claim under the Federal Rules of Civil Procedure (*id.* at pp. 5-6); (2) did not properly assert subject matter jurisdiction (*id.* at pp. 6-8); (3) failed to properly plead an action for declaratory judgment (*id.* at p. 8); (4) cannot assert a claim for legal malpractice because there was no privity between Plaintiff and Defendant (*id.* at p. 9); (5) cannot sue Defendant for actions taken during litigation due to Florida's litigation privilege (*id.* at pp. 9-10); and (6) have impermissibly raised claims that are time-barred by the relevant statutes of limitations (*id.* at pp. 10-11).  Defendant also moves the Court to dismiss Plaintiff's Complaint with prejudice and to "enter an Order prohibiting McCarty from filing any further claims against Grguric and further prohibit McCarty from filing any further lawsuits unless he is represented by qualified counsel in that proceeding." (*Id.* at pp. 11-12.)

## Standard of Review

### I.      Jurisdictional Arguments

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case.  *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  The party asserting federal subject matter jurisdiction bears the burden of proving its

---

[1](...continued)
　　　　32.)  The Second Amended Complaint was entitled "Third Amended Verified Complaint."  *See* Doc. No. 16.  To avoid confusion, the Court will follow Plaintiffs' chosen titles when referring to the various complaints.

existence.  *Id.*  In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R. Civ. P. 8(a)(1).  If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp.2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id*. at 1529.  In a factual challenge, a court must determine if it has power to hear the case.  *Id*.  A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims.  *Id*.

### II.    Sufficiency of the Pleadings Arguments

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading.  *E.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds).  The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(b); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  Once a claim has been stated adequately, it may be supported by showing any set

of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

This Court has given Plaintiffs two previous chances to state a cause of action.  (*See* Doc. Nos. 12, 29.)  In the first Order of dismissal, the Court explained that the Rooker-Feldman Doctrine[2] barred Plaintiff John McCarty's claims.  (Doc. No. 12 at pp. 2-3.)  As to the claims of Plaintiff Ana McCarty and Alejandro Agraz, the Court found that such Plaintiffs lacked standing to raise a constitutional challenge to Florida's alimony statute, and the Court declined to exercise its supplemental jurisdiction over the remaining state law tort claims due to the domestic relations exception to diversity of citizenship jurisdiction.  (*Id.* at pp. 4-5.)

In the second Order of dismissal, the Court dismissed Plaintiffs' Third Amended Complaint for failing to comply with the requirements of Federal Rules of Civil Procedure 8(a) and 10(c). (Doc. No. 29 at p. 4.)  The Court explained in detail the pleading requirements of the Federal Rules of Civil Procedure and further advised Plaintiffs concerning, among other things, the requirements of subject matter jurisdiction (*id.* at pp. 4-7).  Lastly, the Court warned Plaintiffs that "[f]ailure to file an Amended Complaint or to otherwise comply with this Order will result in the dismissal of this action without further notice."  (*Id.* at p. 13.)

In their Fifth Amended Complaint, Plaintiffs offer a shortened, but flawed, pleading.  (*See* Doc. No. 32.)  Plaintiffs have again not complied with Federal Rules of Civil Procedure 8 and 10, nor have they complied with Local Rule 1.05.  (*See id.*)  Additionally, Plaintiffs have not sufficiently

---

[2]     *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

pled subject matter jurisdiction, have failed to establish standing, and have failed to state a claim upon which relief may be granted.  (*See id.*)

I.      **Technical Pleading Requirements**

A.      **Federal Rules of Civil Procedure 8 and 10**

As previously explained in the Court's Order at Docket Number 29, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include:

(1)     a short and plain statement of the grounds upon which the court's jurisdiction depends, . . .
(2)     a short and plain statement of the claim showing that the pleader is entitled to relief, and
(3)     a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  A plaintiff's claims should be "simple, concise, and direct."  *Id.* at R. 8(e)(1).

In their Fifth Amended Complaint, Plaintiffs do not clearly and plainly state a claim.  (*See* Doc. No. 32.)  Their statement of jurisdiction spans two pages of solid text with no paragraph breaks.  (*See id.* at pp. 1-2.)  Plaintiffs' factual allegations are scattered and placed in the midst of seemingly stream of consciousness legal arguments and citations.  (*See id.* at pp. 1-6.)  As the Court previously warned, this state of pleading does not comply with Rule 8(a).  (*See* Doc. No. 29 at pp. 4-6.)

Plaintiffs also fail to comply with Federal Rule of Civil Procedure 10(a) which states: "In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."  Rule 10(b) states:

All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence

and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Plaintiffs have complied with neither of these subsections.

First, the caption of Plaintiffs' Fifth Amended Complaint lists the Plaintiffs as "John L. McCarty et al." (Doc. No. 32 at p. 1.) This violates the requirement of Rule 10(a) that *all* parties shall be listed in the title of a complaint. Second, a large block of text spans the Complaint's first two pages. (*Id.* at pp. 1-2.) This text is neither separated into numbered paragraphs, nor is it limited as far as practicable to a statement of a single set of circumstances. (*See id.*) While the remaining pages include numbered paragraphs, several of the paragraphs are lengthy and include multiple allegations and legal arguments. (*See id.* at pp. 3-6, ¶¶ 3, 17.)[3] This does not comply the requirement of Rule 10(b) that each claim be set out in separate numbered paragraphs.

### B.   Local Rule 1.05

The Middle District of Florida has promulgated a set of procedural rules with which all parties are expected to comply. *See* Local Rules (2006), *available at* http://www.flmd.uscourts.gov/LocalRules.htm. Local Rule 1.05(a) states:

> Although a quotation of three (3) lines or more may be single-spaced and indented and a footnote shall be single-spaced in no smaller than ten-point type, all pleadings and other papers tendered by counsel for filing shall be typewritten, double-spaced, in at least twelve-point type, and, if filed on paper, shall be on opaque, unglazed,

---

[3]   The Complaint is not the proper mechanism for providing arguments for why certain legal doctrines should or should not apply. The Complaint should merely provide fair notice to Defendant of Plaintiffs' claims. *See* Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). As the Court has previously explained, the legal basis and the factual circumstances of Plaintiffs' claims should be clearly stated. (*See* Doc. No. 29 at p. 5.) The Complaint should contain nothing more than a "short and plain statement of the grounds upon which the court's jurisdiction depends," a "short and plain statement showing the pleader is entitled to relief," and "a demand for judgment" for such relief. (*Id.*) (quoting Fed. R. Civ. P. 8(a)).

white paper eight and one-half inches wide by eleven inches long (8 ½ x 11), with one and one-fourth inch top, bottom and left margins and a one to one and one-fourth inch right margin. Only one side of the paper may be used.

Part of page one and all of page two of the instant Amended Complaint are in what appears to be ten-point font, single spaced.  (Doc. No. 32 at pp. 1-2.)  The remaining text varies in size and line spacing.  (*See id.* at pp. 1, 3-6.)  The Complaint also contains shorthand notations, symbols, abbreviations, and rambling or incomplete sentences.  (*See id.* at pp. 1-6.)  The Complaint is difficult to follow.  For these reasons, the Fifth Amended Complaint violates Local Rule 1.05.

## II.    Standing

The party who invokes federal jurisdiction must establish that he or she has standing to assert its claim.  *Nat'l Alliance for Mentally Ill of St. Johns, Inc. v. Bd. of County Comm'rs*, 376 F.3d 1292, 1294 (11th Cir. 2004).  To establish standing, a party must demonstrate that he or she has suffered an injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.  *Id.* at 1295; *see also Bennett v. Spear*, 520 U.S. 154, 162, 167 (1997).

### A.    Plaintiff John McCarty

Plaintiff John McCarty has brought this action against his ex-wife's attorney.  (*See* Doc. No. 32 at p. 5, ¶ 17.)  He claims that the money judgment issued against him in Florida state court for alimony payments was obtained as a result of Defendant's "extrinsic fraud." (*Id.* ¶¶ 13-14.) Plaintiff John McCarty seeks a declaration that the money judgment was entered without due process and "[a]n order and judgment directing Defendant Grguric to withdraw the income deduction orders to MetLife and Social Security administration that he implemented without due process to any Plaintiff."  (*Id.* at p. 6, ¶¶ 1-2.)

Plaintiff John McCarty has no claim against Defendant for a Due Process violation.  The Fourteenth Amendment specifically limits its prohibition to actions by the State.  *See* U.S. Const. amend. XIV.[4]  As the Court explained in its second Order of dismissal, Plaintiff John McCarty's allegations reveal that Defendant is not a state actor.  (*See* Doc. No. 29 at p. 8.)  Therefore, Defendant has no constitutional duty to provide such Plaintiff with due process.

Further, Defendant has no authority to withdraw any income deduction orders.  These are the orders of the Florida state court, and this Court cannot order relief vis a vis this particular Defendant that would redress Plaintiff's alleged injury.  The Florida state court is an intervening independent actor.  Thus, Plaintiff's injury is neither fairly traceable to Defendant's actions nor is it redressable by this Court.  Therefore, Plaintiff John McCarty lacks standing to bring a due process challenge against Defendant, and the Court must dismiss Plaintiff's Due Process claims.  *See Lujan*, 504 U.S. at 560-62 (describing how an independent actor cuts off the causal connection between a defendant's actions and a plaintiff's injury that is necessary to establish standing).

### B.   Plaintiffs Ana McCarty and Alejandro Agraz

The Complaint does not reveal the nature of the relationship between Plaintiffs Ana McCarty, Alejandro Agraz, and John McCarty.  (*See* Doc. No. 32.)  Collectively, Plaintiffs allege that they will suffer "homelessness" and "no funds for [the] necessities of life" if judgment is denied them.  (*Id.* at p. 5, ¶ 17.)        Even assuming Plaintiffs Ana McCarty and Alejandro Agraz will suffer imminent injury as a result of the continued enforcement of the Florida state court's money

----

[4]        The Fourteenth Amendment states, in part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. XIV § 1.

judgment against Plaintiff John McCarty, Plaintiffs Ana McCarty and Alejandro Agraz have not pled a "personal stake" in the litigation. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543-44 (1986). Rather, they appear to assert an injury incidental to the injury allegedly sustained by Plaintiff John McCarty. (*See* Doc. No.32 at p. 5, ¶ 17.) Such an incidental injury is not fairly traceable to the enforcement of the Florida state court's money judgment. *See Allen v. Wright*, 468 U.S. 737, 753 & n. 19 (1984).

Additionally, the financial well-being of Ana McCarty and Alejandro Agraz apparently depends entirely on the continued benevolence of an independent actor, Plaintiff John McCarty. (*See* Doc. No. 32 at p.5, ¶ 17.) According to the Supreme Court, where the existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors, redressability is substantially more difficult to establish. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992). Plaintiffs Ana McCarty and Alejandro Agraz have not demanded relief from Plaintiff John McCarty, and have not established that the Court can redress their alleged injuries through a declaratory judgment against Defendant. Therefore, Plaintiffs Ana McCarty and Alejandro Agraz have failed to establish standing, and the Court must dismiss their claims.

## III.    Subject Matter Jurisdiction

In both previous Orders dismissing Plaintiff John McCarty's Complaints, the Court has notified such Plaintiff that he failed to establish subject matter jurisdiction under the Rooker-Feldman Doctrine. (*See* Doc. No. 12 at p. 2; Doc. No. 29 at pp. 6-7.) In his Fifth Amended Complaint, Plaintiff has again failed to show that this Court has subject matter jurisdiction over the case.

As previously explained by the Court, the Rooker-Feldman doctrine dictates that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). A federal district court has no jurisdiction to "invalidate a final state court decision" in an appellate capacity. *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). A federal court cannot consider a federal law question if a plaintiff "had a reasonable opportunity to present [the] federal claims in the state court proceedings." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Plaintiff John McCarty argues that the Rooker-Feldman Doctrine does not apply in this case for four reasons. First, Plaintiff claims that the Florida state court acted without jurisdiction. (Doc. No. 32 at p. 2.) Second, Plaintiff did not have notice or an opportunity to be heard on his due process claim. (*Id.*) Third, the current law suit includes two new plaintiffs who were not parties to the state court action. (*Id.*) Fourth, Plaintiff asserts that the Rooker-Feldman Doctrine only attaches to final decisions from the highest court of the state. (*Id.*)

As this Court has previously found, the allegations of the Complaint make clear that (1) Plaintiff John McCarty was a party to the state court dissolution proceedings, (2) Plaintiff John McCarty actively participated in such proceeding, although it was initially ex parte, and (3) a final judgment on the merits issued from which Plaintiff John McCarty appealed to a state appellate court. (Doc. No. 12 at p. 3.) The Court also has found that Plaintiff John McCarty had a reasonable opportunity to raise the present claims during the dissolution proceedings and in fact did raise his claims of fraud. (*Id.*) Plaintiff has pled no new facts to suggest otherwise. (*See* Doc. No. 32.) Thus, the Court cannot consider whether the Florida state court acted without jurisdiction because

Plaintiff John McCarty had an opportunity to be heard on this due process claim before the state court.

The fact that Plaintiff John McCarty brought the current law suit with two new parties does not make the Rooker-Feldman Doctrine inapplicable.  As the Court noted above, Plaintiffs Ana McCarty and Alejandro Agraz lack standing and must be dismissed from the case.  This leaves John McCarty as the sole remaining Plaintiff.  Since Plaintiff John McCarty was a party to the state court proceedings (Doc. No. 12 at p. 3), the Rooker-Feldman Doctrine applies to this proceeding.

Finally, Plaintiff John McCarty's assertion that the Rooker-Feldman Doctrine applies only to decisions of the highest state court is simply incorrect.  A federal district court may not sit in an appellate capacity to review the decisions of *any* state courts.  *See, e.g.*, *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970); *Dubinka v. Judges*, 23 F.3d 218, 221 (9th Cir. 1994); *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987).  Thus, the Rooker-Feldman Doctrine applies, and Plaintiff John McCarty's claims fall outside of the Court's subject matter jurisdiction.

**IV.     Plaintiff John McCarty's Additional Allegations**

        **A.     Federal Consumer Credit Protection Act**

In a single sentence, Plaintiff John McCarty claims violation of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1673 (2006).  (Doc. No. 32 at p. 5, ¶ 14.)  Plaintiff does not allege any facts in support of this claim.  (*See id.*)  Plaintiff does not demand any relief from this alleged violation and does not include it in his "cause of action" section.  (*Id.* at p. 6.)  Since Plaintiff has not sought relief for this claim and appears only to mention this alleged violation as part of his general background section, any Federal Consumer Credit Protection Act claim contained in the

instant Amended Complaint must be dismissed.  Fed. R. Civ. P. 8(a) (requiring a claimant to plead

a demand for judgment for the relief the pleader seeks).[5]

### B.   Fraud

In his "Allegations" section, Plaintiff John McCarty also claims that Defendant has engaged

in fraud.  (Doc. No. 32 at p. 5, ¶¶ 13-14.)  As with his Federal Consumer Credit Protection Act

claim, Plaintiff does not demand any relief for this alleged fraud.  (*See* Doc. No. 32 at p. 6.)  He also

fails to sufficiently plead fraud under Federal Rule of Civil Procedure 9(b) which states: "In all

averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."

Plaintiff's conclusory statements that Defendant engaged in "clandestine actions" and "extrinsic

fraud" fail to meet this pleading standard.  (Doc. No. 32 at p. 5, ¶¶ 13-14.)[6]  Therefore, Plaintiff John

McCarty's fraud claim must be dismissed.

### Conclusion

For the reasons stated above, Plaintiffs' Fifth Amended Complaint is **DISMISSED** without

prejudice.  (Doc. No. 32.)  Plaintiffs may have leave to file an amended complaint that comports

---

[5]    Even if the claim were properly pled, it would be dismissed.  The Federal Consumer Credit Protection Act does not apply to "any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review."  15 U.S.C. § 1673(b)(1)(A).  An order for alimony payments falls within this exception.  *Id.*

[6]    To the extent Plaintiff argues that the state court judgment was obtained through fraud and therefore the Rooker-Feldman Doctrine does not apply, Plaintiff has not sufficiently pled this fraud.  *Mickens v. Tenth Judicial Circuit*, 181 Fed. App'x 865, 873-74 (11th Cir. 2006) (affirming district court's dismissal under Rooker-Feldman doctrine because state court had previously found no fraud on part of defendants and plaintiffs failed to identify specific facts constituting "extrinsic fraud").

with this Order within ten (10) days from the date of this Order.  However, Plaintiffs are cautioned

that as they have been granted leave to amend on three (3) separate occasions, no further amendment

of pleadings will be allowed by the Court in this case after the next amended complaint is filed if

it does not state a cause of action and comply with the previous Orders entered in this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 2, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party