UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN L. MCCARTY, ANA MCCARTY,**
**ALEJANDRO AGRAZ,**

                **Plaintiffs,**

-vs-                                                   Case No.  6:06-cv-1444-Orl-19UAM

**ROBERT GRGURIC,**

                **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Defendant Robert Grguric's Motion To Dismiss Plaintiff's Sixth Amended Verified Complaint With Prejudice And Incorporated Memorandum Of Law (Doc. No. 48, filed Nov. 19, 2007); and

2. Plaintiff John L. McCarty's Opposition To Defendant's 12(b)(6) Motion To Dismiss, Response To Defendant's 12(e) Motion For Definite Statement, And Cross-Motion for Summary Judgment (Doc. No. 49, filed Dec. 3, 2007).

### Background

Plaintiff John L. McCarty filed a Sixth Amended Complaint against Defendant Robert Grguric on November 16, 2007. (Doc. No. 47.) The Court has dismissed earlier versions of Plaintiff's Complaint on three separate occasions. (Doc. Nos. 12, 29, 38.) Defendant now moves the Court to dismiss Plaintiff's Sixth Amended Complaint with prejudice. (Doc. No. 48.) Defendant argues that Plaintiff has failed to establish standing or subject matter jurisdiction, has asserted claims barred by the statute of limitations and Florida's litigation privilege, and has failed to state a claim

upon which relief may be granted. (*Id.*) Defendant further asserts that Plaintiff has brought multiple vexatious law suits against Defendant and asks this Court to "enter an Order prohibiting McCarty from filing any further claims against Grguric and further prohibit McCarty from filing any further lawsuits unless he is represented by qualified counsel in that proceeding." (*Id.* at pp. 17-18.) Plaintiff has filed a Response in which he also moves for summary judgment in his favor. (Doc. No. 49.)

**Standard of Review**

I.   **12(b)(1) Jurisdictional Arguments**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id.* A court

is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

## II.     12(b)(6) Sufficiency of the Pleadings Arguments

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading. *E.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## Analysis

In Plaintiff John McCarty's Sixth Amended Complaint, Plaintiff alleges six causes of action against Defendant Robert Grguric: (1) violation of 42 U.S.C. §§ 401-03, 407 for "fraudulently taking Plaintiff's exempt Social Security Funds;" (2) violation of 42 U.S.C. § 3001 for "unconscionable abuse of John a 75-year-old individual;" (3) violation of "42 U.S.C. Chapter 35 § XI Elder Rights;" (4) fraudulent misrepresentation in securing a default *ex parte* judgment; (5) constructive fraud; (6) actual fraud; and (7) violation of § 222.18, Florida Statutes (2007) by "taking John's exempt; (sic) Disability Income insurance policy benefits administered by MetLife." (Doc. No. 47 at pp. 6-7.) Defendant moves the Court to dismiss Plaintiff's Complaint with prejudice. (Doc. No. 48.) The

Court must consider whether Plaintiff has stated a claim upon which relief may be granted in his most recent Complaint.

### I. Federal Law Claims

In Plaintiff's first three causes of action, Plaintiff alleges violations of federal law, specifically 42 U.S.C. §§ 401-03, 407, 3001, 3058, and 3058a-ff.[1] Section 401 of Title 42 of the United States Code creates a trust fund to be known as the "Federal Old-Age and Survivors Insurance Trust Fund," Section 402 of this Title creates entitlements to benefits from this fund, Section 403 describes when such benefits should be reduced, and Section 407 states that the right to receive these benefits shall not be transferable or assignable. Plaintiff asserts a cause of action under the language in Section 407 that prohibits transfers or assignments of Social Security benefits. However, as Defendant points out, Section 659 of Title 42 provides:

> Notwithstanding any other provision of law (including section 407 of this title and section 5301 of Title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual . . . shall be subject . . . to any . . . legal process brought . . . by an individual obligee to enforce the legal obligation of the individual to provide child support or alimony.

42 U.S.C. § 659(a).[2] As this provision makes clear, a benefits reduction for alimony payments is specifically permitted and therefore not a violation of Section 407. Since there has been no violation of Section 407, Plaintiff cannot assert a cause of action based on this statute.

---

[1] 42 U.S.C. §§ 3058, 3058aa-ff make up Subsection XI of Title 42, Chapter 35 which serves as the legal basis for Plaintiff's third cause of action. (Doc. No. 47 at p. 6.)

[2] Section 407(b) states: "No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." Section 659(a) expressly references Section 407 and therefore may be construed to modify it.

Plaintiff's next two federal claims deal with provisions of the Older Americans Act, 42 U.S.C. §§ 3001-3058ff. This Act provides funding for programs geared towards assisting elderly Americans. *Id.* The objectives listed in Section 3001 serve as guidelines for these federally sponsored programs and Subpart XI of Chapter 35 dictates how the federal funding should be spent. Therefore, this Act does not create any private rights for elderly persons and may not serve as the legal basis for a cause of action.[3] *City of Chicago v. Lindley*, 66 F.3d 819, 827 (7th Cir. 1995) (finding no private cause of action for violation of the Older Americans Act under either the Act itself or Section 1983).

## II.     State Law Claims

Plaintiff has also asserted claims against Defendant arising from state laws. However, in Florida, "[p]arties, witnesses and counsel are accorded absolute immunity as to civil liability with regard to what is said or written in the course of a lawsuit, providing the statements are relevant to the litigation." *Stucchio v. Tincher*, 726 So.2d 372, 374 (Fla. 5th DCA 1999); *see also Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding"). As the Eleventh Circuit Court of Appeals recognized, "Plaintiffs chose instead to pursue fraud actions in subsequent litigation, which is precisely the strategy that the Florida Supreme Court intended to preclude by announcing the *Levin* rule." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1302 (11th Cir. 2003).

---

[3] Furthermore, the Act does not in any way address the ability of elderly persons to seek relief for violations of the rights that federally funded programs are intended to help protect. The sole purpose of the Act is to allocate federal funds.

Plaintiff's last four causes of action involve state common law claims of fraud and an alleged violation of Section 222.18 of the Florida Statutes concerning disability income benefits. (Doc. No. 47 at p. 7.) The factual basis for these claims is Plaintiff's assertion that Defendant engaged in unlawful activity and "extrinsic fraud" when Defendant sought a default judgment as an attorney on behalf of his client against Plaintiff in Florida state court. (*Id.* at pp. 1, 3, 5-7.) The conduct that Plaintiff complains of occurred during the course of the judicial proceedings in Florida state court. (*Id.*) Therefore, Florida's absolute immunity for litigation activity applies and Plaintiff's claims against Defendant for his actions in Florida state court proceedings are barred.[4]

### III.   Vexatious Litigation

Defendant moves this Court to enjoin Plaintiff from filing further law suits against Defendant and from filing any additional law suits *in forma pauperis* or *pro se*. (Doc. No. 48 at pp. 17-18.) The Eleventh Circuit Court of Appeals has recognized as valid injunctions "designed to protect against abuse and vexatious litigation . . . ." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). As the Eleventh Circuit explained, "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). Accordingly, the Eleventh Circuit has upheld an injunction requiring a litigant to submit future complaints to the district court for pre-filing

---

[4] As recognized by the Eleventh Circuit Court of Appeals, under Florida law, an affirmative defense such as the litigation privilege "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004). Such is the case here where Plaintiff's Complaint alleges conduct that falls squarely within the litigation privilege.

screening, finding that "the prefiling screening of claims leaves sufficient access to the courts." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991).

Defendant points to two other cases that have been filed by Plaintiff against Defendant (among others) and dismissed by other courts. (Doc. No. 48 at pp. 17-18.) In this Court, Plaintiff has again failed to state a claim against Defendant upon which relief may be granted. The Court admonishes Plaintiff that the filing of frivolous or repetitive law suits will not be tolerated. Therefore, any further complaints to be filed by Plaintiff against Defendant based on the facts and occurrences of the instant case must be presented to the undersigned Judge for review and approval **PRIOR TO BEING FILED BY PLAINTIFF**.

## Conclusion

As this Court held in its prior Order of dismissal, "Plaintiffs are cautioned that as they have been granted leave to amend on three (3) separate occasions, no further amendment of pleadings will be allowed by the Court in this case after the next amended complaint is filed if it does not state a cause of action and comply with the previous Orders entered in this case." (Doc. No. 38 at p. 12.) Plaintiff has not stated a valid cause of action in his Sixth Amendment Complaint. Therefore, the Court **GRANTS** Defendant's Motion to dismiss and further **ORDERS** that any further complaints to be filed by Plaintiff against Defendant based on the facts and occurrences of the instant case must be presented to the undersigned Judge for review and approval **PRIOR TO BEING FILED BY PLAINTIFF**. (Doc. No. 48.) Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**. (Doc. No. 49.) This case is **DISMISSED WITH PREJUDICE,** and the Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December  7 , 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party